IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STAR JOSEPH,

    Petitioner,

vs.                                                      No. 21-cv-1068 RB-SMV

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Star Joseph's *Pro Se* Petition for Writ of Mandamus. (Doc. 1.) The Petition consists of one paragraph. It states:

> I the Plaintiff/Petitioner (STAR JOSEPH), request the transfer of all my court cases criminal and civil to the Judge Advocate General, at the Pentagon, through the Joint Chiefs of the United States. I cannot get a fair trial in State or Federal Courts because both are operating as a Racketeer Influenced Corrupt Organization in violation of the RICO Act, 18 U.S.C. 1962. (See Star Joseph v. Chief Judge William Johnson et al) the aforementioned case documents the facts and grounds for this request.

(*Id.* at 1.) The last sentence appears to refer to *Joseph v. Johnson*, Case No. 21-cv-0878 KG-SCY, where Joseph raised a near-identical claim. (*See* Doc. 1 in Case No. 21-cv-878 KG-SCY) (alleging five judges "operated as a racketeering corrupt organization" and seeking a transfer of federal cases to the Pentagon).) The Court (Hon. Kenneth Gonzales) denied mandamus relief and dismissed the case as frivolous. The Tenth Circuit dismissed the appeal for failure to prosecute. (Docs. 4; 24 in Case No. 21-cv-0878.)

Joseph's renewed request for mandamus relief is governed by 28 U.S.C. § 1361. Under that statute, "district courts shall have original jurisdiction over any action in the nature of mandamus to compel an officer . . . of the United States . . . to perform a duty owed to the plaintiff." *Rios v.*

*Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005) (quoting 28 U.S.C. § 1361). The plaintiff "must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." *Id.* (citing *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990)). Plaintiff has the burden to show his "right to issuance of the writ is clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citations omitted). "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. District Court*, 426 U.S. 394, 402 (1976) (citations omitted).

Plaintiff has not shown any right to an order directing the Clerk of Court and/or other judges to transfer any case to the Pentagon. Such a request is frivolous on its face. *See Neitzke v. Williams*, 490 U.S. 319, 323 (1989) (Courts may dismiss a pleading as frivolous if it lacks a reasonable basis in law or fact). To the extent Joseph seeks reconsideration of any ruling in Case No. 21-cv-0878, the request is procedurally improper. Only the Tenth Circuit has jurisdiction to reverse a ruling by a Federal District Court, and Joseph's appeal was dismissed. *See* 28 U.S.C. § 1295(a). Accordingly, the Court will dismiss the mandamus Petition (Doc. 1) and close the instant federal case.

**IT IS ORDERED** that Star Joseph's *Pro Se* Petition for Writ of Mandamus (**Doc. 1**) is **DISMISSED**; and the Court will enter a separate judgment closing the civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE